This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 32,834**

**ADRIAN LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from a conditional discharge order following his conditional guilty plea to possession of methamphetamine, where he reserved the right to challenge the district court's denial of his motion to suppress. [RP 74, 80] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to disagree with the district court's ruling that the officer had reasonable suspicion to stop Defendant for driving a vehicle in an unsafe condition, under NMSA 1978, § 66-3-801(A) (1991), based on a significant crack in Defendant's windshield. [DS 4; MIO 3; RP 60] As set forth in our notice, the officer testified that he saw "amber light from the street light coming through the crack within the driver's immediate view," which, the officer testified, "could impair [the driver's] ability to operate the vehicle safely, depending on if the driver was looking at the spot or not." [DS 3; MIO 5-6] We hold that this testimony supports a reasonable suspicion that Defendant violated Section 66-3-801(A). *See State v. Munoz*, 1998-NMCA-140, ¶ 11, 125 N.M. 765, 965 P.2d 349 (holding that windshield cracks that obscure the driver's vision are enough to constitute a safety hazard in violation of Section 66-3-801). While Defendant does not believe the crack presented a safety hazard [MIO 5-7], whether the crack in the windshield made the vehicle unsafe to drive is a question for the finder of fact, not an appellate court. *See id.*, 1998-NMCA-140, ¶ 14 (making

2

it clear that whether the officer's "observation of the . . . windshield provided reasonable grounds to believe that the crack in the windshield made the vehicle unsafe to drive . . . is a question for the finder of fact, not an appellate court"). We accordingly affirm.

{3}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**